**NITRAM, INC., Plaintiff,**

v.

**INDUSTRIAL RISK INSURERS, et al., Defendants/Third–Party Plaintiffs,**

v.

**MAN GUTEHOFFNUNGSHUETTE GmbH, et al., Third–Party Defendants.**

**No. 85–1770–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

March 8, 1994.

Charles W. Pittman, Macfarlane, Ausley, Ferguson & McMullen, Tampa, FL, for plaintiff.

R. Dennis Withers, Robins, Kaplan, Miller & Ciresi, Atlanta, GA, John L. O'Donnell, Jr., Dewolf, Ward, O'Donnell & Hoofman, P.A., Orlando, FL, and Mark Edwin Grantham, Holland & Knight, Tampa, FL, for defendants.

## ORDER ON THE MOTION REQUESTING IN CAMERA REVIEW

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant/Third–Party Plaintiff, Barnard and. Burk Engineers & Constructors, Inc.'s ("Barnard and Burk"), motion requesting the Court to review *in camera* the "Hansen correspondence," filed February 11, 1994 and response thereto.

### FACTUAL BACKGROUND

In either January or February of 1993 (the exact date is disputed by the parties) the Arbitration Panel ruled that it would call one Mr. Hansen as a witness at the forthcoming arbitration. At the time of their ruling, the Arbitration Panel instructed the parties that they were to have no "substantive communications" with that particular witness.

Subsequently, Mr. Hansen appeared at the arbitration with some "paperwork" in hand. Defendant–Third Party Plaintiff claims that this "paperwork" was documentation of correspondence between Mr. Hansen and counsel for Third Party Defendant MAN GUTE-HOFFNUNGSHUETTE GmbH (herein called MAN GHH). Barnard and Burk argues that the correspondence between counsel for MAN GHH and Mr. Hansen consti-tuted a violation of the Arbitration Panel's instruction. Barnard and Burk argues that because the correspondence is dated after the Arbitration Panel prohibited communication on substantive issues between Mr. Hansen and the parties, counsel for MAN GHH violated the Arbitration Panel's instruction.

Further, Barnard and Burk argues that, if counsel for MAN GHH violated the Arbitration Panel's instructions, this Court should consider that fact in conjunction with their pending Motion to Vacate the Arbitration Award.

The "Hansen correspondence" was filed and sealed on February 3, 1994. Barnard and Burk urges this Court to unseal the documents and review them *in camera*. Barnard and Burk further urges this Court to release the file to the parties if this Court deems them relevant, in order that counsel be permitted to file a supplemental memorandum in support of, or opposition to the Motion to Vacate the Arbitrators' Award.

### LEGAL ISSUES

1. Whether this Court should unseal the "Hansen correspondence" and review the documents *in camera* to determine whether counsel for MAN GHH in fact violated the Arbitration Panel's instructions that counsel only have limited communication with Mr. Hansen.

2. Whether the "Hansen correspondence" is in fact relevant to the proceeding and constituted a violation of the Arbitration Panel's instructions and thus should be considered in conjunction with the Motion to Vacate the Arbitration award.

### OPINION

This Court found it necessary to proceed with the *in camera* review of the documents in order to determine whether such correspondence in fact constituted a violation of the Arbitration Panel's instructions. This Court unsealed the documents and upon review, found them to be irrelevant. Although the documents evidenced correspondence between counsel for MAN GHH and Mr. Hansen, and although some of the communication may have, in fact, occurred after the Arbitra-

tion Panel gave its instruction to the parties, none of this communication was in reference to substantive issues.

Therefore, the issue concerning whether the communication was post-panel instruction is moot, because such communication is deemed irrelevant by this Court. Moreover, none of the communication referred to evidence or substantive issues on which Mr. Hansen would testify. Nothing indicates that such substantive issues were discussed whereas, most of the communication between Mr. Hansen and counsel for MAN GHH was merely in reference to scheduling issues.

Because this Court reviewed the "Hansen correspondence" *in camera*, previous to this order, but found such documentation to not be pertinent to the proceeding, the documentation at issue is not properly before this Court and shall be struck from evidence in this case and will not be released to the parties. Accordingly, it is

**ORDERED** that the motion requesting the Court's *in camera* review be **granted,** and the Clerk of the Court be **directed** to strike the documents reviewed *in camera* from evidence and to return them to the submitting party.

**DONE and ORDERED.**